**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SUSAN HERBERT,

    Plaintiff,

vs.                                           CASE NO. 3:07-cv-964-J-33TEM

THE UNITED STATES OF
AMERICA, et al.,

    Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

    This cause is before the Court on Plaintiff's affidavit of indigency, which the Court construes as a motion to proceed in forma pauperis (Doc. #4), filed October 11, 2007. Upon review of the aforementioned motion and the complaint, the Court finds the suit is subject to dismissal.

    Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed in forma pauperis if the litigant avers in an affidavit that he or she is unable to bear the fees and costs associated with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, courts are empowered with discretion to dismiss an action, sua sponte, if it is frivolous or malicious. *See id.* A suit "is frivolous where it

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1) and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

lacks an arguable basis either in law or in fact."  *Id.* at 325.  Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).  "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  However, a court should not dismiss a pro se litigant's complaint pursuant to § 1915 for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (internal quotation marks omitted); see also *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

Plaintiff's complaint is a sixty-two page manifesto-like document largely comprised of unnumbered, single-spaced paragraphs, which sets forth Plaintiff's account of the myriad of ways in which she believes she has been discriminated against due to her status as a woman.  (*See generally* Doc. #1).  This pervasive and systemic discrimination, she claims, constitutes equal protection and due process violations, and entitles her to relief such as "The Unity Party must remove the plank calling for foreignization of the office of the president as they are likely to place a candidate upon the ballot in 2008."  (Doc. #1, p. 63).

It is also noted that the allegations and facts set forth in the complaint somewhat mirror those from previous cases Plaintiff has filed.  *See Herbert v. USA*, Civ. Action No. 3:07-cv-315-J-20HTS;  *Herbert v. USA*, Civ. Action No. 3:07-cv-699-J-25TEM; *Herbert v. USA*, Civ. Action No. 3:07-cv-776-J-12MCR.  Indeed, in *Herbert v. USA*, Civ. Action No. 3:07-cv-315-J-20HTS, filed on April 19, 2007, the court dismissed the action on June 12, 2007, upon finding "Plaintiff['s] claims are clearly fantastic and delusional and her requested relief is beyond the Court's authority." (Order of Dismissal Without Prejudice, Doc. #8, pp. 2-3).

## RECOMMENDATION

Based on the foregoing, the Court finds the allegations contained the complaint to be frivolous as defined herein.  Accordingly, it is recommended:

1. The motion to proceed in forma pauperis be **DENIED**.

2. The case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**DONE AND ENTERED** at Jacksonville, Florida, this  31st  day of October, 2007.

Copies to all counsel of record
  and *pro se* parties

THOMAS E. MORRIS
United States Magistrate Judge